IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FAYE GIFT, | § § Jury Demand |
| Plaintiff, | § § |
| vs. | § Civil Action No. § |
| MEXICO FOODS, LLC; MARK COLBO, KHALED NAFAL and TIFFANY WHITE, | § Count 1: FSMA Retaliation (21 U.S.C. 2201 § et seq) § |
| Defendants. | § Count 2: Post-employment FSMA § Retaliation § § Count 3: Tortious Interference with § Contractual Relationships |

**Plaintiff's Original Complaint**

TO THE HONORABLE COURT:

This is an action for retaliation under 21 U.S.C. 2201 (the "food safety" statute) and also for tortious interference with a contractual relationship, under applicable state law.

**Parties**

Plaintiff Faye Gift is a resident of Phoenix, Arizona. Corporate Defendant Mexico Foods LLC is domiciled in Garland, Texas. Defendant Mark Colbo is a resident of Trabuco, California. Khaled Nafal is a resident of Dallas, Texas and is one of three owners of the corporate defendant herein.

PLAINTIFF'S ORIGINAL COMPLAINT Page **1** of **5**

Defendant Tiffany White is a resident of Cedar Hill, Texas.

## Jurisdiction & Venue

Because Defendant Mexico Foods LLC is a corporate resident of the Northern District of Texas, and also because a substantial part of the events giving rise to Plaintiff's claim occurred there, venue is proper in the Northern District of Texas under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## Exhaustion

"ALJ" or "administrative matter" or "Judge Donaldson proceeding" refers to Gift v. Mexico Foods, LLC and Mark Colbo, 2019-FDA-00010, the administrative process before this "kick out" Original Complaint.

All administrative requirements have been satisfied prior to Plaintiff's filing this Original Complaint.

Because of the accelerated deadlines associated with the filing requirements here, this pleading is cursory to the extreme. An amended complaint will soon be filed, describing in more detail this extraordinary fact situation.

To give the Department of Labor an opportunity to address the serious ethical issues raised here and, hopefully, sanction Defendants and their counsel for the unconventional conduct described herein, Plaintiff is requesting that the Chief Administrative Law Judge of the United States Department of Labor Office of Administrative Law Judges keep *Gift v. Mexico Foods, LLC and Mark Colbo,* 2019-FDA-00010, (the ALJ proceeding herein) open solely for the implementation of a show cause proceeding to determine whether sanctions should be imposed against any of the Defendants and their counsel for their actions here.

**Overview of Statute:**

The FSMA is one of the most employee-friendly whistleblower statutes on the books. It

contains an explicit prohibition of "duty speech' defenses: 21 U.S.C. § 399d(a); it explicitly prohibits mandatory arbitration: 21 U.S.C. § 399d(7) (b)C)(2); it clearly defines the employer's substantial burden of proof, 21 U.S.C. § 399d (2)(c); and has a 'kick out' provision that provides for a *de novo* jury trial in federal district court (this proceeding). 21 U.S.C. § 399d(4)(a).

**Overview of legal issues:**

Inasmuch as the essential requirements of "contributing factor" and also temporal proximity are essentially undisputed here, this case essentially turns on whether Mexico Foods or Mark Cobo can establish by clear and convincing evidence a legitimate, non-pretextual reason for Plaintiff's termination. This they cannot do. Additionally, the Defendants' efforts here are transparently pretextual and implausible

In addition, after the filing of this administrative action with the Department of Labor's Administrative Law Judges, Mexico Foods was guilty of sanctionable and in some instances illegal conduct, an example: perjured deposition testimony by one of Mexico Foods's owners, Defendant Khaled Nafal. This is not an isolated example. In that regard, Plaintiff alleges that Defendant Khaled Nafal gave perjured testimony in the administrative proceeding herein, specifically for the purpose of disrupting the preparation and presentation of Plaintiff's case, thus sabotaging Plaintiff's FSMA cause of action. There are other examples of this conduct as well.

Plaintiff also alleges that Defendant Tiffany White, at Defendant Mexico Foods' instigation, embarked on a campaign to not only withhold relevant evidence but to also have counsel for Faye Gift disqualified. In that process, Defendant White made false statements before the Administrative Law Judge presiding herein and also aggressively demanded that Plaintiff Gift fire her counsel.

 **Count 1: FSMA Retaliation:**

Plaintiff repeats and re-alleges all the foregoing allegations contained herein, as though fully set forth herein.

**Count 2: Post-employment FSMA Retaliation:**

Plaintiff repeats and re-alleges all the foregoing allegations contained herein, as though fully set forth herein.

**Damages:**

Damages sought against Defendants Mexico Foods, Mark Colbo and Khalid Nafal: A judgment declaring that Defendants Mexico Foods, Colbo and Nafal violated the FSMA; that defendants Mexico Foods, Mark Colbo, and Khaled Nafal, their agents, employees, officers and successors in interest, and all those acting in concert with Defendants Mexico Foods, Colbo and Nafal, be permanently enjoined from discriminating against, harassing or retaliating against Plaintiff on any basis forbidden by the FSMA;

That Plaintiff be made whole in the form of back pay and front pay and afforded all benefits which would have been afforded Plaintiff but for said retaliation; that defendant be ordered to compensate, reimburse and make the Plaintiff whole for compensatory and or special damages in an amount to be determined; that Defendants be ordered to pay Plaintiff prejudgment interest; that defendant be ordered to pay the cost and disbursements of this action and the related retaliatory actions, including attorney's fees; and for other and further relief as may be just and proper.

**Count 3 Tortious Interference with Existing Contract:**

Plaintiff repeats and re-alleges all the foregoing allegations contained herein, as though fully set forth herein.

Plaintiff Faye Gift had a valid contract of representation with Steve Kardell of

Kardell Law Group; and Defendant Tiffany White knew or had reason to know of Plaintiff's contract with Steve Kardell of the Kardell Law Group; nevertheless, Defendant Tiffany White willfully and intentionally interfered with Plaintiff's contract with The Kardell Law Group.

Defendant Tiffany White's interference proximately caused injury to Plaintiff, which resulted in actual damage or loss.

**Exemplary damages**.

As a result of Defendant Tiffany White's malice or actual fraud, Plaintiff is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

Respectfully submitted,

/s/ Steve Kardell
Steve Kardell
Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
KARDELL LAW GROUP
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926
ATTORNEY FOR PLAINTIFF