UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAYE GIFT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-2656-x |
| | § | |
| MEXICO FOODS, LLC, and MARK | § | |
| COLBO, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF</u>**
**<u>PROCESS</u>**

Before the Court are three motions: Defendant Mexico Foods, LLC's ("Mexico Foods") Motion to Dismiss for Insufficient Service of Process, [Doc. 23], Plaintiff Faye Gift's Motion to Strike Portions of Mexico Foods' Reply, [Doc. 37], Gift's Motion for Order to Show Cause, [Doc. 40].  After reviewing the motions, responses, replies, and applicable law, the Court **DENIES** Mexico Foods' Motion to Dismiss for Insufficient Service of Process, [Doc. 23], **FINDS AS MOOT** Gift's Motion to Strike Portions of Mexico Foods' Reply, [Doc. 37], and **DENIES** Gift's Motion for Order to Show Cause, [Doc. 40].

## I. Background[1]

This is a whistleblower case under Section 402 of the Food Safety Modernization Act, commonly known as the "FSMA."[2]  In October 2017, Gift (then an employee at Mexico Foods) reported safety concerns related to Mexico Foods and its CEO's, co-Defendant Mark Colbo, unlawful food-manufacturing practices. Specifically, Gift alleges that Mexico Foods' food-manufacturing processes are unlawful in several ways, including but not limited to, following unsanitary packaging conditions in violation of the Food, Drug, and Cosmetic Act; failing to take effective measures in excluding pests and other vermin in violation of 21 C.F.R. Section 110.35(b)–(c); failing to clean food-contact services, in violation of 21 C.F.R. Section 110.35(d); failing to properly maintain food-manufacturing equipment and utensils in violation of 21 C.F.R. Section 110.35(d)(3); and failing to safety store pesticides in violation of 21 C.F.R. Section 100.35(b)2).[3]

On July 16, 2018, Mexico Foods fired Gift.[4]  Gift asserts that she was fired because she reported Mexico Foods' unlawful food-manufacturing.[5] After a stint in other forums, Gift now brings a one-count suit in this Court, alleging that she was unlawfully fired in retaliation for her reporting.[6]  Mexico Foods has filed a motion to

---

[1] At this stage in the case, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).

[2] Doc. 17 at 3.

[3] *Id.* at 4–5.

[4] *Id.*

[5] *Id.* at 3–4.  Gift's 21 specific reports are listed on pages 5–7 of her amended complaint.

[6] Doc. 17 at 7.

dismiss for insufficient service of process, seeking to dismiss Gift's case with prejudice because Gift's service was untimely.[7]  Mexico Foods' motion is ripe for review.

## II.  Legal Standard

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[8]  The Federal Rules also state that "proof of service must be made to the court" "[u]nless service is waived."[9]  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."[10]

## III. Analysis

There are three ripe motions on file in this case.  First, Mexico Foods has filed a motion to dismiss Gift's amended complaint for insufficient service of process.[11]  Second, Gift filed a motion to strike portions of Mexico Foods' reply in support of its motion to dismiss.[12]  Third, Gift filed a motion for order to show cause, directing this Court to show cause as to why Mexico Foods' attorneys shouldn't be subject to

---

[7] Doc. 23.

[8] *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011) (citation omitted).

[9] FED. R. CIV. P. 4(l)(1).

[10] *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 F. App'x 383, 384 (5th Cir. 2016) (cleaned up).

[11] Doc. 23.

[12] Doc. 37.

"monetary sanctions" or "attorney's fees and costs" for "unreasonably and vexatiously multiplying these proceedings."[13]

The Court will address each motion in turn beginning with Mexico Foods' motion to dismiss.

## A. Insufficient Service of Process

The parties dispute whether there was insufficient service of process of Gift's amended complaint.[14]  In its motion, Mexico Foods argues that Gift served her complaint outside of the Federal Rules of Civil Procedure's 90-day window and has not shown good cause for failing to timely serve her amended complaint.[15]  In response, Gift mainly argues that her late service of process is excusable because Mexico Foods has been on notice of this case, due to the parties' familiarity with each other in an administrative forum related to this same case.[16]  The Court agrees with neither party.

Under the Federal Rules of Civil Procedure, a plaintiff has 90 days to effectuate service onto the defendant.[17]  As with every rule, there's an exception.  And in the Fifth Circuit, a plaintiff may be excused from the Federal Rules' 90-day service rule upon a showing of "good cause for the delay in perfecting service."[18]  More specifically, "[w]hen service of process is challenged, the serving party bears the burden of proving

---

[13] Doc. 40 at 1.

[14] *See generally* Docs. 24, 27, and 29.

[15] Doc. 24 at 2–4.

[16] Doc. 27 at 1–5.

[17] FED. R. CIV. P. 9(m).

[18] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing FED. R. CIV. P. 9(m)).

. . . good cause for failure to effect timely service."[19]  In proving "good cause," a plaintiff ordinarily must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[20]  Moreover, a "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required."[21]

At first blush, this case seems easy.  As a general matter, courts routinely adhere to the Federal Rules' service-of-process window.[22]  Here, Gift filed her original complaint on November 29, 2022.[23]  Rule 90(m) mandates that Gift's deadline to serve her complaint was February 27, 2023.  She served Mexico Foods on March 2, 2023—three days late.[24]  And Gift has not devoted a single letter of her brief to establish good cause for her tardiness.  While Gift does advance a novel "notice" argument,[25] there does not seem to be a notice exception to Rule 9(m)'s 90-day window.  Gift's notice argument relates more to an excuse for relating back an amendment of a

---

[19] *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.,* 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

[20] *Thrasher*, 709 F.3d at 511 (cleaned up).

[21] *Winters,* 776 F.2d at 1306.

[22] *McGrew v. McQueen*, 415 Fed. App'x 592, 596 (5th Cir. 2011); *Newby v. Enron Corp.*, 284 Fed. App'x 146 (5th Cir. 2008); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993).

[23] Doc. 1.

[24] Doc. 19.

[25] Doc. 24 at 2–5.

pleading identifying an incorrect party;[26] it's not a well-known rule for excusing service entirely.

But sometimes more than a first look is necessary.  When reading the parties' briefs, the Court noticed that the facts underlying Gift's complaint are dated in 2018.[27]  As such, the Court became concerned that the statute of limitations on Gift's claims had passed.  As a result, the Court requested more briefing on the statute-of-limitations issue.[28]

The Court's concern about the possibility of the statute of limitations expiration cannot be understated.  That's because a dismissal without prejudice—the normal remedy for a complaint served outside of Rule 9(m)'s 90-day window[29]—

---

[26] FED. R. CIV. P. 15(c).

[27] Doc. 17 at 3.

[28] *See* Doc. 68.

[29] *See* FED. R. CIV. P. 4(m); *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam) (stating that a dismissal due to insufficient service of process is usually without prejudice)

operates as a dismissal *with* prejudice if the statute of limitations has run on the plaintiff's claim(s).[30]  And this distinction makes all the difference.[31]

As the Court previously stated, courts adhere to Rule's service window when the remedy is a dismissal without prejudice.[32]  But in the Fifth Circuit, when dismissal without prejudice operates as a dismissal with prejudice, the burden for this court to grant dismissal is much, *much* higher.  If "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice."[33]  "Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[34]  "To warrant dismissal, we must find a delay longer than just a few months; instead the

---

[30] *Id.* ("Because the statute of limitations has expired, the dismissal operates as a dismissal with prejudice.").

[31] For clarity, neither party in this case knows whether the statute of limitations has run on Gift's claims. *Compare* Doc. 69 at 1 *with* Doc. 70 at 4. As stated by Mexico Foods, this issue, the FMA's statute of limitations, is likely an issue of first impression. Doc. 70 at 1. Gift's claims could fall under the federal catchall statute of limitations, *see* 28 U.S.C. § 1658, in which case Gift's claims would have either a two-, four-, or five-year statute of limitations. *See Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 668 (4th Cir. 2015). In any of those cases, Gift's claim, which originates from on or before July 16, 2018, would be time barred. But some courts have held differently, reasoning instead that a plaintiff's "kick-out" to federal court is merely an extension of the original administrative complaint. *See Despain v. BNSF Ry. Co.*, 186 F. Supp. 3d 988, 996–97 (D. Ariz. 2016). If that is the case, here, Gift's claim would not be barred. The Court need not make that determination at this time. The fact that it's possible that the statute of limitations may have run on Gift's claim is enough to give this Court pause in dismissing her case without prejudice.

[32] *See* 4B Charles Alan Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed.) ("[N]umerous cases have been dismissed for noncompliance with the time requirement.").

[33] *Thrasher*, 709 F.3d at 512.

[34] *Id.* at 512–13.

delay must be characterized by significant periods of total inactivity."[35]  The Fifth Circuit has stated that presence of one of three factors largely controls whether a lower court should dismiss a case without prejudice if the statute of limitations has run on plaintiff's claims: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[36]

Here, none of those three factors apply.  As to the first factor, there is no evidence that Gift herself—as opposed to her attorney—caused the three-day delay in service.  The delay in service stems from Gift's attorney's reliance on emails between himself and counsel for defendants.[37]  A mistake, sure.  But this not Gift's mistake.  As to the second factor, Mexico Foods is not prejudiced by a three-day-late service.  These parties are surely no strangers to each other, as they've been embattled in litigation with each other continuously since 2018.[38]  And a three-day delay in service will not prejudice a defendant who has been embattled in disputes with the plaintiff for the past five years.  On the third factor, there is no evidence that Gift's three-day-late service has been caused by intentional conduct.  Again, it seems the delay is due to an attorney's misplaced reliance on email communications, and

---

[35] *Id.* at 513.

[36] *Id.* at 514.

[37] Doc. 27 at 3.

[38] *See* Doc. 24 at 1 n.1.  This action originated in state court in July 2018.  *Id.*  In 2019, this case proceeded through the Department of Labor's dispute process.  *Id.*  And finally, Gift "kicked out" this case from the Department of Labor's forum to this Court.  *Id.* at 1–2 n.1; *see also* 29 C.F.R. § 1982.114 (regulatory authority governing "kick-out" provision).

nothing more.[39]  In short, because the statute of limitations may have run on Gift's claims, the Court will not dismiss this case without prejudice.

### B. Motion to Strike

The second "ripe" motion in this case is Gift's motion to strike portions of Mexico Foods' reply.[40]  But it may not be a ripe motion after all.  It seems that Gift has filed a notice to the Court to withdraw said motion.[41]  In this notice, Gift states to the Court that it should "be advised that Plaintiff hereby withdraws Dkt. #37."[42] Therefore, the court will deny this motion as moot, due to Gift's withdrawal of the motion.

### C. Motion For Order to Show Cause

The third motion in this case is Gift's motion for order to show cause.[43]  In its motion, Gift seeks for this Court to sanction Mexico Foods' attorneys for misleading the court regarding the parties' previous communications in another forum.[44]  In response, Mexico Foods notes that show-cause motions made under 28 U.S.C. § 1927 are rarely granted and argues that the email correspondence between counsels in this case do not warrant sanctions.[45]  The Court agrees with Mexico Foods.

---

[39] Doc. 27 at 3.

[40] Doc. 37.

[41] Doc. 61.

[42] *Id.* at 1.

[43] Doc. 40.

[44] *Id.* at 2 (noting that email exchanges between parties arise from "key discovery issues").

[45] Doc. 57 at 5–20.

Under federal law, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[46]  To grant sanctions, "[a] district court must find that the attorney's multiplication of the proceedings was both 'unreasonable' and 'vexatious.'"[47]  "The finding must be based on evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[48]  Furthermore, for an attorney to be sanctioned under Section 1927, that attorney's conduct must be based upon more than advancing "a controversial [or] unsettled legal theory" that is "ultimately reject[ed]" by a court.[49] In fact, courts "interpret[] § 1927 as penal" and it is "sparingly applied" by courts in order "[t]o prevent the courts from dampening the legitimate zeal of an attorney in representing her client."[50]

This is one of the more unusual filings that this Court has seen.  Gift's attorney advocates multiple grounds for this Court to issue a show cause order, asking Mexico Foods why it should not be sanctioned for filing a motion to dismiss for insufficient service of process.[51]  For example, in one of Gift's arguments, she argues that Mexico Foods' attorneys should be sanctioned for "alleging that by missing the 90-day service of process requirement by three days that this case should be dismissed either with

---

[46] 28 U.S.C. § 1927.

[47] *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023).

[48] *Id.* (cleaned up).

[49] *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 531–32 (5th Cir. 2002).

[50] *Vaughan*, 62 F.4th at 207.

[51] Doc. 49.

or without prejudice."[52]   In support of his argument, Gift's attorney, Mr. Steve Kardell, has filed his own affidavit, claiming that he has "exhaustively researched the issue" and "there is no reported case that would support a dismissal either with prejudice or without prejudice under these facts."[53]   Mr. Kardell's declaration proceeds to include screenshots from Westlaw and LexisNexis both of which purportedly show that few if any courts have held that a case can get dismissed for insufficient service of process.[54]

First, despite Mr. Kardell's contention otherwise, it is indeed possible for a court to dismiss a case *with* or *without* prejudice for insufficient service of process.[55] Second, as to Gift's argument that Mexico Foods' counsel have acted either unethically or unlawfully in refusing to accept service of process, Mexico Foods' attorneys have put evidence into the record that they stated that they were either (1) unavailable,[56] (2) not authorized to accept service,[57] or (3) did not have direct knowledge of his ability to accept service.[58]   Interestingly, many of Mexico Foods' emails indicating as much were omitted from Mr. Kardell's recount of the exchange.[59] Third, even if there was some truth to this, Mexico Foods' filing of one motion falls

---

[52] *Id.* at 3.

[53] Doc. 45 at 16.

[54] *Id.* at 17.

[55] *Compare* FED. R. CIV. P. 4(m) (instructing courts to dismiss without prejudice "[i]f a defendant is not served within 90 days after the complaint is filed") *with Peters*, 9 F.3d at 345 (dismissing case with prejudice).

[56] Doc 58-4.

[57] *Id.* at 19–20.

[58] *Id.* at 19, 23, and 28.

[59] *See* Doc. 50.

well short of an "unreasonable" or "vexatious" "multiplication" of the proceedings driven by "bad faith."[60]  Therefore, the Court will not issue a show cause order asking Mexico Foods' attorneys to defend themselves against allegedly sanctionable conduct.

## IV. Conclusion

The Court **DENIES** Mexico Foods' Motion to Dismiss for Insufficient Service of Process, [Doc. 23], **FINDS AS MOOT** Gift's Motion to Strike Portions of Mexico Foods' Reply, [Doc. 37], and **DENIES** Gift's Motion for Order to Show Cause, [Doc. 40]

**IT IS SO ORDERED** this 21st day of September, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[60] *Vaughan*, 62 F.4th at 207.

12