UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAYE GIFT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-2656-X |
| | § | |
| HERITAGE GROCERY GROUP, | § | |
| MEXICO FOODS, LLC, and MARK | § | |
| CALBO, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Intervenor Kardell Law Group's motions for an extension of time, (Doc. 158), and to stay distribution of settlement proceeds, (Doc. 159). The Court **FINDS AS MOOT** the motion for an extension of time (Doc. 158), as the underlying motion is moot.

Next, the Court considers the emergency motion to stay the distribution of settlement funds. The Court **DENIES** the motion. (Doc. 159). Kardell asks the Court to stay distribution of settlement proceeds pending Judge Horan's order on the motion to produce settlement documents.

Kardell is pursuing arbitration against Plaintiff Faye Gift (those proceedings have been stayed during the pendency of this litigation)[1] and some amount[2] is being

---

[1] Doc. 163-1 at Appx. 9.

[2] The document from the arbitration states that "Faye Gift and her attorneys are hereby **ORDERED** to place in the trust account of David Kassab's firm the amount of 20% of the fee/costs award in the underlying litigation, or $50,000.00, whichever is greater, plus an additional amount of $17,500.00." Doc. 163-1 at Appx. 9. Ultimately, the amount held in trust does not matter here—the fact that Kardell and Gift are arbitrating does.

1

held in a trust account because of the arbitration proceedings. Even if the settlement funds are disbursed, there is no reason to think that Kardell's interests are inadequately protected by the arbitration. Therefore, the harm is not irreparable, and the Court **DENIES** the motion to stay.

Additionally, because there is an ongoing arbitration, the Court **AMENDS** its prior 60-Day Dismissal Order such that sixty days after the date of the dismissal order the Court **DISMISSES WITHOUT PREJUDICE** all claims between Gift and the remaining defendants. But claims between Gift and Kardell Law Group are not dismissed at the end of that period because this fight over fees continues. Therefore, the Court **VACATES** all deadlines relating to the fee dispute that were not set by Judge Horan.

Gift further requested that the Court sanction Kardell. This motion was not made as a separate motion under Federal Rule of Civil Procedure 11(c)(2). Thus, the Court **DENIES WITHOUT PREJUDICE** the motion for sanctions.

**IT IS SO ORDERED** this 28th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE