IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAYE GIFT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2656-X |
| | § | |
| MEXICO FOODS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Intervenor Steve Kardell filed a Motion for Settlement Documents [Dkt. No. 155] (the "Motion"), which United States District Judge Brantley Starr referred to the undersigned United States magistrate judge, *see* Dkt. No. 156.

Kardell, Plaintiff Fay Gift's former attorney, *see* Dkt. Nos. 97 & 98, explains that he needs certain documents – including any settlement agreements and documents detailing free arrangements between Gift and other attorneys – "to evaluate whether [he] should object to any pending Settlement Agreement in [this case]," Dkt. No. 155 at 1.

As ordered, *see* Dkt. No. 157, a response was filed on April 28, 2025, *see* Dkt. Nos. 171-73. And, while May 5, 2025 is Kardell's deadline to reply, *see* Dkt. No. 157, on April 29, 2025, he filed a motion requesting that the Court excuse his failure to file a brief in support of the Motion, in which he points the Court to other filings in this case to support the issues raised in the Motion and "obviat[e] a need for further briefing," Dkt. No. 174.

The Court GRANTS Kardell's April 29 motion, which it CONSTRUES as a

reply, and DENIES the Motion for the following reasons.

About three months after the Court granted Kardell's motion to withdraw, he moved to intervene as of right under Federal Rule of Civil Procedure 24(a), *see* Dkt. No. 102, and Judge Starr granted the motion to intervene and instructed the Clerk of Court to docket Kardell's complaint in intervention on May 18, 2024, *see* Dkt. Nos. 108 & 109.

More recently, on February 28, 2025, Gift and Defendants Mexico Foods, LLC and Mark Colbo filed a joint notice of resolution, explaining, in part, that they "anticipate filing papers to dismiss the lawsuit with prejudice within the next sixty (60) days." Dkt. No. 149; *see also* Dkt. No. 150 (60-day order).

In support of his right to the parties' settlement documents, Kardell cites a decision from this district, in which an intervenor attempted to block the court's approval of a class action settlement. *See* Dkt. No. 174 at 3 n.2 (citing *Lelsz v. Kavanagh*, 783 F. Supp. 286, 292-93 (N.D. Tex. 1991)).

Obviously, this is not a class action. Nor is this otherwise an action that requires court approval prior to settlement. *See, e.g.*, Dkt. Nos. 149 & 150.

Regardless, the court in the case that Kardell provides outlined the rights of an intervenor:

> Numerous courts have recognized that the sum of the rights possessed by an intervenor is not necessarily equivalent to that of a party in a case and depends upon the nature of the intervenor's interest. Furthermore, in determining what rights an intervenor possesses, courts frequently distinguish between intervenors as of right and permissive intervenors. Generally, an intervenor as of right possesses a broad range of rights not accorded a permissive intervenor. An intervenor as of right becomes a party to the action because the disposition of the action may as a

> practical matter impair or impede his ability to protect that interest, whereas a permissive intervenor typically becomes a party only to ward off the potential effects of *stare decisis*.

*Lelsz*, 783 F. Supp. at 292 (cleaned up).

But, even if Kardell is a party to this action as an intervenor as of right, he is not a party to the settlement agreement.

And, even if the Court could entertain in this proceeding an objection to the settlement agreement – considering that Kardell represents that he filed the Motion "to evaluate whether [he] should object to any pending Settlement Agreement in [this case]," Dkt. No. 155 at 1 – "[n]on-settling parties generally lack standing to object to a settlement agreement," *LeBlanc v. Tex. Brine Co., L.L.C.*, 989 F.3d 359, 364 (5th Cir. 2021) (citing *Transamerican Refin. Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992)).

While that's generally the case, "[a] potential exception exists 'if the settlement agreement purports to strip non-settling defendants of rights to contribution or indemnity.'" *Id.* (quoting *Transamerican*, 952 F.2d at 900).

And the United States Court of Appeals for the Fifth Circuit has "relied on the Seventh Circuit's 'plain legal prejudice' formulation to govern when a non-party may object to a settlement agreement." *Id.* (collecting cases).

That is,

> [i]n the Fifth Circuit, a non-settling party may object to a settlement agreement when they face plain legal prejudice as a result of the settlement, such as through stripping the non-settling defendant of rights to contribution or indemnity. Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice. The "plain legal prejudice" standard is narrowly construed and occurs only when a partial settlement deprives

a non-settling party of a substantive right.

*Ictech-Bendeck v. Waste Connections Bayou, Inc.*, Civ. A. No. 18-7889, 2024 WL 5186589, at *6 (E.D. La. Dec. 20, 2024) (cleaned up).

Kardell fails to make this showing. That is because, while he may be attempting to recover his fees from Gift, this proceeding, at least at this time, does not appear to be the right venue for that pursuit, particularly because that fee dispute is currently in arbitration. *See* Dkt. Nos. 172 & 173. And "[a] 'settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties,' does not constitute legal prejudice." *Chesemore v. Alliance Holdings, Inc.*, No. 09-cv-413-wmc, 2014 WL 4415919, at *4 (W.D. Wis. Sept. 5, 2014) (quoting *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992)).

SO ORDERED.

DATED: May 1, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE