UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FAYE GIFT,　　　　　　　　　　§<br>　　　　　　　　　　　　　　　　§<br>　　　　*Plaintiff*,　　　　　　　§<br>　　　　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　　　　　§　　Civil Action No. 3:22-CV-2656-X<br>　　　　　　　　　　　　　　　　§<br>MEXICO FOODS, LLC, and MARK　§<br>COLBO.,　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　　　§<br>　　　　*Defendants*.　　　　　　§ | |

**MEMORANDUM ORDER AND OPINION**

Before the Court is plaintiff Gift's motion for a temporary restraining order (TRO), injunction, and sanction against Steve Kardell. (Doc. 184). Having reviewed the motion and applicable law, the Court **DENIES** Gift's requested relief.

But the Court also **OVERRULES** Kardell's objection to Gift's settlement with the defendants. As the Court ruled in response to Kardell's motion to stay the settlement, Kardell's interest in recovering fees from Gift are sufficiently protected by the ongoing arbitration. The Court **VACATES** any deadlines related to Kardell's claims and third-party complaint and **ORDERS** Gift and Kardell to file a status report within six months of this order, updating the Court on the status of the arbitration.

## I.  Background

The original dispute in the above-styled case revolved around a terminated employee's claims that she suffered retaliation for protected activity. But the plaintiff, Faye Gift, and the original defendants, Mexico Foods, LLC, and Mark Colbo,

1

reached a settlement and agreed to dismiss this case. The present controversy surrounds Gift's former counsel, Steve Kardell. He and his firm, the Kardell Law Group (collectively with Steve Kardell, "KLG") filed a third-party complaint in this case and are currently arbitrating with Gift and her new counsel, George Hyde, in an independent arbitration proceeding. KLG claims it is entitled to fees under its contingent fee agreement with Gift.

The agreement also contains an arbitration provision. In its arbitration petition, KLG initially included claims against both Gift and Hyde. Then, KLG dropped the claims against Hyde. Now, KLG seeks leave from the arbitration panel to file a Second Amended Petition that reinstates claims against Hyde. Gift also attaches email correspondences with KGL that Gift argues are unprofessional and rude and constitute harassment.

Once Gift and the original defendants agreed to dismiss this case, KLG filed what it termed an "Emergency Objection" to the stipulation, asserting that its claims over fees remained pending. Gift now files her request for TRO, asking the Court to order KLG to withdraw its Second Amended Complaint in the arbitration proceeding; enjoin KLG from filing anything further in this case without leave of the Court or from filing anything in any court that deals with Hyde's representation of Gift and would require Hyde to respond; and sanction KLG $35,000 for violating Rule 11.

## II. Legal Standard

Gift's motion is procedurally odd. She titles the motion as a request for a TRO but seems to ask the Court for a permanent injunction against KLG, not for TRO relief. Regardless, the requisite factors are similar.

TROs serve to preserve the status quo and prevent irreparable harm to the movant so the court can "render a meaningful decision after a trial on the merits."[1] The standard for a TRO is largely the same as that for a preliminary injunction.[2] The movant must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest."[3] To warrant a TRO, the movant must meet the burden as to each of these four elements.[4]

And to warrant a permanent injunction, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.[5]

---

[1] *Canal Auth. of Fla. V. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

[2] *May v. Wells Fargo Home Mortg.*, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.).

[3] *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 20 (2008).

[4] *Kidd v. Dir. Of Fed. Bureau of Prisons*, 2020 WL 759298, at *3 (N.D. Tex. Feb. 14, 2020).

[5] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

### III.  Analysis

The first element for a TRO requires the movant to show a substantial likelihood of success on the merits. "To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment."[6] Gift's requested relief does not relate to the merits of the underlying case. Enjoining KLG from further filings, issuing a monetary sanction, and ordering KLG to withdraw its petition from a different proceeding do not fit into the framework of "success on the merits" that a TRO is designed for. This factor cuts against Gift.

The second TRO element—irreparable harm—encompasses both the first and second elements for a permanent injunction. "[T]he central purpose of a [TRO] . . . is to prevent irreparable harm. It is the threat of harm that cannot be undone which authorizes exercise of this equitable power to enjoin before the merits are fully determined."[7] "Thus only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction."[8] That is to say, an "injury is 'irreparable' only if it cannot be undone through monetary remedies."[9]

Here, Gift cites to KLG's voluminous filings, arguing that they are excessive and intended as harassment to Gift and Hyde. But as to KLG's filings in the instant case, "[m]ere litigation expense, even substantial and unrecoupable cost, does not

---

[6] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

[7] *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975).

[8] *Canal Auth.*, 489 F.2d at 573.

[9] *Enterprise Int'l, Inc.*, 762 F.2d at 464 (cleaned up).

4

constitute irreparable injury."[10]  The Fifth Circuit has distinguished between litigation expenses incurred defending the case at hand and those incurred defending improper challenges in other courts,[11] but these cases dealt with the relitigation exception to the Anti-Injunction Act.[12]  The harm Gift pleads—suffering rude emails and defending against KGL's motions and claims in this case and in front of the arbitration panel—is insufficient to satisfy this element.

When considering the third element for both a TRO and permanent injunction, the Court weighs the harm Gift faces without an injunction to the harm such injunction would cause KLG.[13]  Gift faces the harm of rising fees, time, and effort expended to defend against KLG's multi-front attacks.  KLG faces the harm of constraints on its ability to pursue its claims in front of this Court and the arbitration panel.  Gift asks the Court to enjoin KLG from filing anything before this Court without leave and from filing pleadings in any court that arise from Hyde's representation of Gift.  That is a substantial injunction.  Though it is onerous to respond to frivolous claims and motions, Gift nonetheless fails to satisfy this element's burden.

---

[10] *Renegotiation Bd. V. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974).

[11] *Hill v. Washburne*, 953 F.3d 296, 309 (5th Cir. 2020) (distinguishing *Renegotiation Board* in a situation where movants asked the court to enjoin the nonmovant from challenging a will in probate court when the parties had agreed to a no-contest provision over the will).

[12] *See, e.g.*, *id.*; *Aon Re, Inc. v. TIG Ins. Co.*, 2009 WL 3075584, at *4 (N.D. Tex. Sept. 28, 2009) (Boyle, J.).

[13] *See Winter v. Nat. Res. Def. Council, Inc.*, Civ. No. 3:09-cv-0300-B, 555 U.S. 7, 24 (2008) ("courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief" (cleaned up)).

Finally, the Court examines the effect of Gift's request on the public interest. Gift calls Kardell's behavior "the definition of vexatious litigation."[14] And "public interest favors disallowing vexatious litigation."[15] But Kardell does not appear on Texas's list of vexatious litigants.[16] KLG's incessant filings might be vexatious, but this factor weighs only slightly in Gift's favor, if at all.

Because Gift fails to meet the high burden required for TRO or permanent injunctive relief, the Court **DENIES** Gift's motion.

## IV.  Sanctions

In addition to the injunctions addressed above, Gift asks the Court to impose a $35,000 sanction on KGL for violating Rule 11's prohibition against pleadings and motions "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[17] The Court refrains from exercising its discretion to impose such sanctions at this point but warns KLG that the Court will charge the costs and fees of any further proceedings the Court deems

---

[14] Doc. 184 at 11.

[15] *Hill*, 953 F.3d at 309.

[16] *Vexatious Litigants*, Texas Judicial Branch (June 9, 2025), https://www.txcourts.gov/judicial-data/vexatious-litigants [https://perma.cc/VBF6-U8MX].

[17] Fed. R. Civ. P. 11(b)(1).

to "so mulitpl[y] the proceedings . . . unreasonably and vexatiously."[18]

Therefore, the Court **DENIES** Gift's motion for sanctions.

### V. Conclusion

TROs are extraordinary relief. Everest fails to meet the standard to warrant such relief. The Court **DENIES** Cox's motion for a TRO, injunction, and sanction against KGL.

But the Court also **OVERRULES** Kardell's objection to Gift's settlement with the defendants. The Court **VACATES** any deadlines related to Kardell's claims and third-party complaint and **ORDERS** Gift and Kardell to file a status report within six months of this order, updating the Court on the status of the arbitration.

**IT IS SO ORDERED** this 10th day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] 28 U.S.C. § 1927.

7